UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS DANIEL MENESES-PERERA,

Petitioner,

v. Case No.: 2:26-cv-03006-SPC-KRH

MARKWAYNE MULLIN *et al*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Jesus Daniel Meneses-Perera's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Meneses-Perera is a native of Cuba who entered the United States on February 22, 2022, and surrendered to immigration authorities. The Department of Homeland Security released him into the country on March 3, 2022, and commenced removal proceedings on January 16, 2023. On March 31, 2026, local police arrested Meneses-Perera for larceny and theft, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. ICE took custody of Meneses-Perera on April 3, 2026, and the state charges were dropped. On June 23, 2026, an immigration judge ordered Meneses-Perera removed to Cuba. Meneses-Perera did not appeal, so the removal order became administratively final on July 23, 2026.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on July 23, 2026. Thus, Meneses-Perera's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Jesus Daniel Meneses-Perera's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record